**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

AVERY SMITH,

        Plaintiff,

v.                                        Case No. 6:15-cv-497-Orl-37DAB

WAL-MART STORES EAST, LP,

        Defendant.

_____

**ORDER**

This cause is before the Court on the following:

1.     Defendant, Wal-Mart Stores East LP's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 35), filed July 20, 2015; and

2.     Plaintiff's Response to Defendant's Motion to Dismiss the Second Amended Complaint (Doc. 36), filed August 3, 2015.

Following Plaintiff's detention in Defendant's store on accusations of shoplifting, Plaintiff filed suit against Defendant in state court for false arrest and imprisonment, racial discrimination under 42 U.S.C. § 1981, and defamation per se. (*See* Doc. 2.) When removing the action to this Court (*see* Doc. 1), Defendant filed Plaintiff's first amended complaint (Doc. 2) and a corresponding motion to dismiss (Doc. 7 ("**First Motion**")),

which were originally filed in state court. The Court granted Defendant's First Motion and permitted Plaintiff to file a second amended complaint. (Doc. 29.) Defendant now moves to dismiss Plaintiff's Second Amended Complaint (Doc. 32) on the ground that Plaintiff fails to allege the requisite elements and ultimate facts supporting his claims. (Doc. 35.) The Court disagrees.

Federal Rule of Civil Procedure 8(a)(2) requires a claimant to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alterations omitted) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). When a complaint is challenged under Rule 12(b)(6), a court accepts as true all well-pleaded factual allegations and disregards unsupported conclusions of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678.

Upon consideration, the Court finds that the allegations of the complaint, taken as true, state all the essential elements of Plaintiff's claims. Defendant's Motion is, therefore, due to be denied.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.      Defendant, Wal-Mart Stores East LP's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 35) is **DENIED**.

2.      On or before Tuesday, **December 22, 2015**, Defendant is **DIRECTED** to file

2

an answer to Plaintiff's Second Amended Complaint (Doc. 32).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 9, 2015.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record